LINCOLN EDUCATION ASSOCIATION, AN UNINCORPORATED
ASSOCIATION, APPELLEE, V. THE SCHOOL DISTRICT OF
THE CITY OF LINCOLN, COUNTY OF LANCASTER, STATE
OF NEBRASKA, A POLITICAL SUBDIVISION, ALSO KNOWN AS
LINCOLN PUBLIC SCHOOLS, APPELLANT.
MILLARD EDUCATION ASSOCIATION, AN UNINCORPORATED
ASSOCIATION, APPELLEE, V. THE SCHOOL DISTRICT OF
MILLARD, COUNTY OF DOUGLAS, STATE OF NEBRASKA,
A POLITICAL SUBDIVISION, APPELLANT.
336 N.W.2d 587

Filed July 22, 1983. Nos. 82-424, 82-463.

Edwin C. Perry of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellant School District of Lincoln.

Rjean K. Knowles and Frank M. Schepers of Young & White, for appellant School District of Millard.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

In these consolidated actions we are again called on to consider the interrelation of the Teachers' Professional Negotiation Act, Neb. Rev. Stat. §§ 79-1287 to 79-12,100 (Reissue 1981), and the Commission of

Industrial Relations, Neb. Rev. Stat. §§ 48-801 et seq. (Reissue 1978).

No dispute exists as to the facts in each case and only a common question of law is presented.

Appellants School District of Millard and School District of Lincoln, respectively, are Class III and Class IV school districts, and they are subject to the terms of the Teachers' Professional Negotiation Act (TPNA). Appellees, Lincoln Education Association and Millard Education Association, are unincorporated voluntary associations representing a majority of the full-time teachers of the respective school systems.

Pursuant to a petition filed by each association, the Commission of Industrial Relations (CIR) ordered certification elections, at which elections the associations were chosen as the bargaining agent for their respective groups. The appellant school districts objected to the jurisdiction of the CIR, contending that no industrial dispute existed and that the provisions of the TPNA had not been exhausted. § 48-810. The CIR overruled the challenge to jurisdiction.

The parties agree that appellee Millard Education Association did not seek approval of the Millard School District as a bargaining representative and that the Lincoln Education Association for 13 years had been recognized as the bargaining agent and, by the terms of a contract for the previous year, it was still recognized as the bargaining agent for the following year provided a filing was made prior to January 1 of each year of a membership list certifying that a majority of the teachers are members of the association.

The issue, as succinctly stated by the appellees, is: " 'Is the TPNA "exhausted" when an education association seeks or attains certification as an exclusive collective bargaining agent under the provisions of the CIR Act?' "

The provisions of the TPNA involved in this mat-

ter provide: "Organizations of certificated public school employees shall have the right to represent their members in matters of employee relations with their public school district employers." § 79-1289.

"Notwithstanding the provisions of sections 79-1287 to 79-1296, no board of education or school board of any public school district in the state shall be required to meet or confer with representatives of an organization of certificated school employees unless a majority of the members of such board determines to recognize such organization. Any such recognition shall be and remain in effect for a period of one year." § 79-1290.

The provisions of the CIR statutory scheme involved here provide: "All industrial disputes involving governmental service, service of a public utility, or other disputes as the Legislature may provide shall be settled by invoking the jurisdiction of the Court of Industrial Relations; *Provided*, such court shall have no jurisdiction over any persons, organizations, or school districts subject to the provisions of the Nebraska Teachers' Professional Negotiations [sic] Act, sections 79-1287 to 79-1295, until all provisions of such act have been exhausted without resolution of the dispute involved." § 48-810.

As can be readily seen, while the TPNA grants teachers the right to organize, it does not require the district to recognize or negotiate with their association. It is that matter that is the crux of this dispute. The associations maintain that under the CIR laws they have an absolute right to petition for an election to determine an exclusive bargaining unit for *all* employees in the unit if the requirements of § 48-838 are complied with.

The parties concede that the district is without power to certify an association as representing nonconsenting employees or to recognize such an association for a term in excess of 1 year. § 79-1290.

It is the perceived lack of bargaining ability re-

sulting from the power of a school district board to refuse to recognize a bargaining agent and to refuse to bargain on all or part of a contract proposal, § 79-1292, that prompted the associations to request a CIR-supervised election, with which the districts would be obliged to recognize and collectively bargain, and if they are unable to agree, to have the matter settled by the CIR.

In *Sidney Education Assn. v. School Dist. of Sidney*, 189 Neb. 540, 203 N.W.2d 762 (1973), we said that the TPNA must be exhausted before action before the CIR can be taken, and that the refusal to recognize the association as a bargaining agent is an exhaustion of rights under the TPNA. Absent a refusal to recognize the association, or an impasse, the TPNA has not been exhausted.

We held in *Sidney*, *supra* at 545, 203 N.W.2d at 766, that the Legislature "chose to let the machinery for permissive negotiation for Class III, IV, and V school districts established by TPNA stand. . . . When the provisions of TPNA were exhausted without settlement, then the Industrial Relations Act became operative to those school districts."

However imaginatively the proposition is stated, whether in terms of relative bargaining power of the parties or in terms of the limitation of the power of the districts as compared by the CIR, the effect of the method proposed by the appellee associations is to render useless the TPNA. No authority is cited as to how or by what rationale we are to ignore the plain words of § 48-810, nor how we may ignore the requirements of the TPNA. The actions of the CIR were clearly without jurisdictional basis and the decisions are reversed.

REVERSED.

KRIVOSHA, C.J., participating on briefs.